UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY D. GREER,

        Plaintiff,

-vs.

MERCANTILE ADJUSTMENT
BUREAU, LLC.

        Defendant.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Timothy D. Greer, through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

2. This action arises out of Defendant's violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Timothy D. Greer is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant MERCANTILE ADJUSTMENT BUREAU, LLC (MAB) is a New York limited liability corporation with their main office at 165 Bell Drive, Suite 100, Williamsville, New York 14221. MAB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. MAB is a "debt collector" as the term is defined and used in the FDCPA. MAB is a "regulated person" as the term is defined and used in the MCPA.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. That Defendant MAB attempted to collect a debt in the amount of $2,603.52, an amount which had already been discharged in bankruptcy, from a Hyundai Capital America account.

9. That on March 11, 2013, Plaintiff Timothy D. Greer filed his Chapter 7 Bankruptcy Case Number 13-44647 and listed Hyundai.

10. That Plaintiff Timothy D. Greer later received his Chapter 7 Bankruptcy discharge on June 18, 2014.

11. That Defendant MAB contacted Plaintiff Timothy D. Greer through collection letter dated June 26, 2014, which was over One year after Plaintiff Timothy D. Greer received his discharge and did not owe $2,603.52.

12. That Plaintiff Timothy D. Greer has suffered emotional distress as a result of the violation of the Fair Debt Collection Practices Act.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

13. Plaintiff incorporates the preceding allegations by reference.

14. At all relevant times Defendant MAB, in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant MAB is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant MAB's foregoing acts in attempting to collect this debt violated 15 U.S.C. §1692 et seq.

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.**

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant MAB is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. §339.901(b).

21. Plaintiff is a "debtor" as that term is defined in M.C.L. §339.901(f).

22. Defendant MAB's foregoing acts in attempting to collect this debt violated M.C.L. §339.915.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant MAB is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

27. Plaintiff is a "consumer" as that term is defined at M.C.L. § 445.251.

28. Defendant MAB's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant MAB:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

                                                Respectfully submitted,

June 24, 2015

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan  48226
313-965-2265
sthomas@313965bank.com